

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JOHN RANDALL FUTCH, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:05-2529-HFF-WMC |
| § | |
| FNU FINNERTY, § | |
| § | |
| Defendant. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND DISMISSING CASE

This appears to be a civil rights action brought by Plaintiff pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).     Plaintiff is proceeding *pro se*. This matter is before the Court for review of the Magistrate Judge's Report and Recommendation (Report) made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed his Report on October 14, 2005, and Plaintiff failed to file any formal objections to the Report. Plaintiff did, however, send a letter to the Court on November 1, 2005. In this letter, Plaintiff complains of no response to a grievance which he filed on September 27, 2005. Because this grievance was not filed at the time this suit was brought, it cannot excuse any failure by Plaintiff to exhaust his administrative remedies prior to bringing this suit. Further, the letter does not address the primary reason behind the Magistrate's recommendation that this case be dismissed: namely, the fact that Plaintiff's suit lacks merit to the point of being frivolous. In the absence of a specific objection to this recommendation, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir.1985).

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules the objections found in Plaintiff's letter, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that this case be **DISMISSED** *without prejudice* and without issuance and service of process. It is **ORDERED** that this case be deemed a strike for purposes of 28 U.S.C. §§ 1915(e)(2) and (g).

**IT IS SO ORDERED**.

Signed this 7th day of November, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

  Plaintiff is hereby notified that he has the right to appeal this Order within **sixty (60)** days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.